NO. 8906

COURT OF APPEAL

PARISH OF ORLEANS

————————

JAMES A. ROSS

versus

HARRY SELLERS.

————————

Court of Appeal
PARISH OF ORLEANS
FILED April 2/23
H. Stansbury

319

Dinkelspiel; J.

Plaintiff institutes this suit, alleging that defendant is indebted to him in the sum of $342.98, balance due on notes.

The defendant answered admitting the giving of the notes for a consideration, but averring that he and the plaintiff had various business dealings together, whereby each had incurred obligations to the other, and that they virtually agreed in settlement of the claims that the defendant was to remit certein claims against plaintiff and that plaintiff was to return to him the notes in suit.

Subsequently defendant filed a supplemental answer and plead that one Despard had sued plaintiff for the sum of $4350.00 on notes, in the Civil District Court, and defendant had been sued also as an accomodation endorser on these notes, and that he had pleaded in answer to the Despard suit, his liability as accomodation endorser, and that if the Court in this case found that any in spite of his settlement with plaintiff, which had been previously plead, there was any indebtedness due by him to Ross, he plead in set off his responsibility to Despard as accomodation endorser for plaintiff.

On the trial of this case defendant admitted his signature to the notes in question; hence there is no question before the Court as to the correctness of the indebtedness sued on, but defendant in his answer as a special defense set up certain compromises between himself and plaintiff. Subsequently filing supplemental answer on filing motion by plaintiff's counsel stating virtually that the amended and supplemental answer were directly and antagonistically opposed to plaintiff's petition, and defendant's admission, and were matters that could not be inquired into by the Court, because amongst other things the agreement was not in writing, hence testimony sought to be elicited could not be entertained.

Civil Code, Art. 3071. "A transaction or compromise is an agreement between two or more persons who, for prevention or putting an end to a law suit, adjust their differences by mutual consent in the manner which they agree on and which every one of them prefers to the gaining of the balance by danger of losing. This contract must be reduced into writing."

The Supreme Court of our State has affirmed this question in Orr & Lindsley vs. Hamilton, 36 An. 790:

Doubtless the intention of the lawmaker made anxin a distinction between a claim in set off where there necessarily must be something of the same nature exchanged between the parties and this was done to prevent unnecessary litigation. In other words when the matters involved are of identically the same character set off may be pleaded, but on the other hand when they are not one where matters are settled between the parties, it must be in writing.

Civil Code. Art. 2209. Compensation takes place only between two debts having equally for their object a sum of money or a certain quantity of consumable things of one and the same kind and which are equally liquidated and demandable.

An unliquidated claim cannot be plead in compensation against the note.

The answer and the supplemental answer are in our opinion, in direct opposition; hence the Judge aquo in refusing to admit testimony as was shown in this record, on these demands was justified, and whilst there are possibly some immaterial questions and answers which would not be effective to this case one way or the other and which may have been admitted, yet there is no error, and no injustice was done to either party by the refusal of the testimony thus attempted to be elicited.

When as in this case it was not shown by the answer original or the supplemental answer that the facts contained in the supplemental answer were unknown to the defendant at the time

321

of the filing of the first answer as he did afterwards, the supplemental answer will be stricken and he is bound by his original answer.

Jamieson vs. Cullom & Co. et al. 110 La. 781.

We find that the items plead in the supplemental answer or certainly not equally liquidated with the notes sued on/

Admitting that the allegations of the answer and the supplemental answer should have been permitted to have been filed in this case, then on objection to the proof of same the debts not being equally liquidated, hence not equally demandable, objection to testimony would be correctly obtained maintained.

Case, Receiver, vs. Marchand, et als. 23 An. 61.

Bell vs. Powell 23 An. 797.98.

The record satisfies us further that whatever view we may take of this case the supplemental answer in no manner, shows an indebtedness by plaintiff to defendant, hence the set off claimed not being demandable, the Judge of the Court aquo was correct in maintaining the objections made to the various questions of this character, and his judgment as a whole condemning the defendant for the amount admitted to be due, was correct.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, defendant to pay costs in both Courts.

—Judgment affirmed.